UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **SALLYJO ROBINS, KATHLEEN DUNLAP, GERMANO LIMA, and ROBERTO RABASSA,**<br><br>Plaintiffs/Relators<br><br>v.<br><br>**LINCARE, INC. and LINCARE HOLDINGS, INC.,**<br><br>Defendants. | Civil Action No.<br>1:10-cv-12256-DPW |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO QUASH DEFENDANTS' NON-PARTY SUBPOENA
ISSUED TO APRIA HEALTHCARE GROUP, INC.**

PRELIMINARY STATEMENT

Lincare, Inc. ("Lincare") and Lincare Holdings, Inc. ("Holdings," and, together with Lincare, "Defendants") are the defendants in this False Claims Act action brought by Relator Roberto Rabassa, a former Lincare employee, and three other former employees.

After being unlawfully terminated by Defendants, Relator Rabassa brought a retaliation claim against them under 31 U.S.C. § 3730(h) and a claim for wrongful termination under Massachusetts common law. As part of their discovery into this claim, Defendants served a subpoena on Relator Rabassa's post-Lincare employer, Apria Healthcare Group Inc. ("Apria"). But Relator Rabassa's conduct at a subsequent employer has no relation to his employment at Lincare or the basis for his termination. Thus, this discovery is irrelevant and intrusive. Moreover, the information sought by Defendants from Relator Rabassa's employer goes well

beyond merely his employment records and encompasses non-work related information.  Simply, Defendants' subpoena is improper.

Accordingly, this Court should quash the subpoena to Apria and protect Relator Rabassa from this improper attempt at discovery.

PROCEDURAL HISTORY

Relator Rabassa is one of four plaintiff-relators in a False Claims Act matter currently pending in this Court.  See Declaration of Michael Tabb in Support of Relator Rabassa's Motion to Quash Defendants' Non-Party Subpoena Issued to Apria Healthcare Group, Inc., dated March 28, 2016 ("Tabb Decl.") ¶ 2.  In addition to substantive claims under the False Claims Act, Relator Rabassa has brought a retaliation claim against Defendants relating to his termination as an employee of Lincare in 2009.  Id. ¶ 3-4.  The parties are in the process of completing discovery.  Id. ¶ 3.

On February 17, 2016, Defendants' counsel, Lawrence M. Kraus, provided a copy of a non-party subpoena to Apria to counsel for Relator Rabassa.  Id. ¶ 5.  The non-party subpoena seeks Relator Rabassa's employment-related files from Apria (the "Apria Subpoena").  Id.  Relator Rabassa's employment with Apria began after he was unlawfully terminated by Defendants, and Relator Rabassa currently works for Apria.  Id. ¶ 6.

Counsel for both parties conferred regarding the Apria Subpoena, as well as similar subpoenas issued to co-relator Kathleen Dunlap's post-Lincare employers, on February 23, 2016.  Id. ¶ 10.  Relators argued that the records sought by the subpoenas were not within the permissible scope of discovery, as any conduct occurring at post-Lincare employers could have no relation to the reasons behind Relators' termination from Lincare.  Defendants disagreed and refused to withdraw the subpoenas.  Id. ¶ 11-12.

**ARGUMENT**

**I.      THIS COURT SHOULD QUASH THE APRIA SUBPOENA**

      A.      Relator Rabassa Has Standing to Bring this Motion to Quash

A party has standing to move to quash subpoenas issued to a non-party seeking employment files, as those records implicate a party's privacy interests.[1]  *See Warnke v. CVS Corp.*, 265 F.R.D. 64 (E.D.N.Y. 2010) (plaintiff had standing to bring motion to quash non-party subpoenas seeking employment records from employers subsequent to plaintiff's termination from defendants' employ); *see also Chamberlain v. Farmington Sav. Bank*, 2007 U.S. Dist. LEXIS 70376 (D. Conn. Sept. 25, 2007) (party to employment discrimination lawsuit had standing to bring motion to quash non-party subpoena because party had personal right in employment records sought by the subpoena).

Here, Relator Rabassa has standing to move to quash the Apria Subpoena, as the subpoena seeks his personnel and employment records.

      B.      The Information Sought by the Apria Subpoena is Irrelevant and Overbroad

"The reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)."[2]  *Zoological Soc'y of Buffalo v. Carvedrock, LLC,* 2013 U.S. Dist. LEXIS 148340, at *6 (W.D.N.Y. Oct. 15, 2013) (quoting *Syposs v. U.S.*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998)).  Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged

---

[1]   Ordinarily, a party lacks standing to move a court to quash a subpoena issued to a non-party to the action unless the objecting party has a claim of privilege over the information sought or the subpoenaed information otherwise implicates the objecting party's privacy interests.  *See Patrick Collins, Inc. v. Does 1-38*, 941 F. Supp. 2d 153, 159-60 (D. Mass. 2013) (citations omitted) (Report and Recommendation) *adopted by Patrick Collins, Inc. v. Doe*, 941 F. Supp. 2d 153 (D. Mass. 2013).

[2]   Federal Rule of Civil Procedure 26(b)(1) was amended in 2015, subsequent to the court's decision in *Zoological Society of Buffalo*, but the amendments do not affect the relevancy analysis as it relates to this motion.  The amendment added a proportionality analysis into whether discovery is appropriately sought and does not affect the fact that the discovery sought must be relevant.  Fed. R. Civ. Proc. 26, Advisory Committee Note, 2015.

matter that is relevant to any party's claim or defense . . . ." Because discovery is limited to any party's claim or defense, "the court may . . . quash or modify a subpoena that calls for irrelevant information." *Id*. (quoting *GMA Accessories, Inc. v. Electric Wonderland, Inc.*, 2012 U.S. Dist. LEXIS 72897, 2012 WL 1933558, at *5 (S.D.N.Y. May 22, 2012). Moreover, "[t]he burden is upon the party issuing the subpoena to demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Id.* (citations omitted).

Here, Defendants cannot meet the burden of demonstrating that Relator Rabassa's employment records from his employment *after* he was terminated from Lincare are relevant. Specifically, Relator Rabassa's job performance under different workplace conditions, with a different employer after he was terminated from Lincare, is irrelevant and unnecessarily intrusive. The issues in the underlying retaliation claim concern the reasons for Relator Rabassa's termination **from Lincare**. His employment and personnel files at a subsequent employer have no relevance to his job performance while employed by Lincare. Thus, the information sought by the Apria Subpoena is irrelevant and intrusive. *See Chamberlain v. Farmington Sav. Bank*, 2007 U.S. Dist. LEXIS 70376 (D. Conn. Sept. 25, 2007) (concluding, in an employment discrimination matter, that subpoenas to plaintiff's former employers seeking employment records to show performance history are not relevant to the issues of performance while employed by the defendant and such subpoenas subject plaintiff to unwarranted intrusion).

Lincare has indicated that it believes if the Apria documents show that Relator Rabassa was a troublesome employee at new employer, where he holds a position comparable to the one he held at Lincare, it would support Lincare's defense that Mr. Rabassa was dismissed for a non-pretextual reason. This court squarely rejected such a rationale in *EEOC v. Tex. Roadhouse, Inc.*, 303 F.R.D. 1 (D. Mass. 2014), a discrimination case where comparable records from the

plaintiffs' subsequent employer were also sought.  Quashing the subpoena, this court refused to recognize the defendant's argument that whether the plaintiff's performance was deficient at subsequent employer was logically related to establishing the true reasons for the relevant employment decisions.  "To the contrary, the factual issue at trial will be what Texas Roadhouse knew about the potential employee at the time of the alleged discrimination, not whether shortcomings surfaced at subsequent jobs." 303 F.R.D. at 3.  Whether Relator Rabassa was a stellar or mediocre employee at his next job is not relevant to why he was fired from Lincare.

Not only are Relator Rabassa's subsequent employment records irrelevant, but the information sought by Defendants is overbroad and seeks information that goes beyond any possible attempt to find information on workplace performance.  The Apria Subpoena seeks "[a]ny and all personnel files and employment records for Mr. Roberto Rabassa, including, but not limited to, any employment reviews and disciplinary records." *See* Tabb Decl., Ex. A.  Much of the information sought in that request would capture personal and/or private information of Relator Rabassa and would have nothing to do with workplace performance.  Thus, the Apria Subpoena is overbroad.  *See Barrington v. Mortgage IT, Inc.*, 2007 U.S. Dist. LEXIS 90555 (S.D. Fla. Dec. 10, 2007) (finding that non-party subpoenas to former employers seeking "any and all documents, files and records, reflecting or relating to the employment [of plaintiff] . . . including, but not limited to, job applications, personnel files . . . [and] performance evaluations . . ." were overbroad on their face).

II.     **RELATOR RABASSA MADE GOOD FAITH ATTEMPTS TO RESOLVE THIS DISPUTE PRIOR TO SEEKING THE COURT'S RELIEF**

The parties made good faith attempts to resolve this discovery dispute before seeking this Court's relief.  Upon receiving a copy of the Apria Subpoena, counsel for Relator Rabassa timely sent a letter objecting to the subpoena to Defendants' counsel.  *See* Tabb Decl. ¶ 7.  Counsel for

both parties then discussed the propriety of the Apria Subpoena at a discovery conference on February 23, 2016.  *Id*. ¶ 10-12.  Following the conference, the parties' positions relating to the Apria Subpoena did not change.  *Id*.  Therefore, despite good faith efforts to resolve the outstanding issues, Relator Rabassa must turn to this Court for relief.

## CONCLUSION

This Court should quash the Apria Subpoena because the information sought is irrelevant and intrusive and the subpoena itself is overbroad.

Dated: March 28, 2016

**SALLYJO ROBINS, KATHLEEN DUNLAP, GERMANO LIMA, and ROBERTO RABASSA**

By their attorneys,

**GREENE LLP**

*/s/ Michael Tabb*
Thomas M. Greene, BBO # 210020
tgreene@greenellp.com
Michael Tabb, BBO # 491310
matabb@greenellp.com
One Liberty Square, 12th Floor
Boston, MA 02109
(617) 261-0040

and

**HODGSON RUSS LLP**
*/s/ Daniel C. Oliverio*
Daniel C. Oliverio, Esq.
John L. Sinatra, Jr., Esq.
Reetuparna Dutta, Esq.
*Admitted pro hac vice*
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
716-856-4000

{00031422 }  6

## **CERTIFICATE OF SERVICE**

      I certify that, on March 28, 2016 this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                              */s/ Michael Tabb*
                                                Michael Tabb